## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DIANE M. HENDRICKS, as Assignee of CUNNINGHAM LINDSEY CLAIMS MANAGEMENT, INC., a Delaware Corporation, and successor in interest to LINDSEYMORDEN CLAIMS MANAGEMENT, INC. and AMERICAN PATRIOT INSURANCE AGENCY, INC., a Wisconsin corporation, also as Assignee of CUNNINGHAM LINDSEY CLAIMS MANAGEMENT, INC., a Delaware Corporation, and successor in interest to LINDSEYMORDEN CLAIMS MANAGEMENT, INC., ) ) ) ) ) ) ) ) ) ) ) | Case No.: 13-cv-05422 Judge St. Eve |
| Plaintiffs, ) ) | |
| v. ) ) | |
| NOVAE UNDERWRITING, LTD., ) ) | |
| Defendant. ) | |

## PLAINTIFFS, DIANE M. HENDRICKS AND AMERICAN PATRIOT INSURANCE AGENCY, INC.'S, SUPPLEMENTAL MEMORANDUM REGARDING DEFENDANT'S JURISDICTION

Plaintiffs, Diane M. Hendricks and American Patriot Insurance Agency, Inc. (collectively, "American Patriot"), by and through their undersigned attorneys, pursuant to this Court's August 1, 2013 Order (Dkt. No. 6), submits this Supplemental Memorandum on the Issue of the Corporate Organization of Defendant, Novae Underwriting, Ltd. ("Novae"), for Purposes of Determining Diversity Jurisdiction.

### ARGUMENT

Private limited companies organized under the United Kingdom Companies Act 2006, like Defendant, Novae, have a corporate structure similar to corporations in the United States and should therefore, be treated as corporations for purposes of diversity jurisdiction.

**A.      Novae Underwriting, Ltd.'s Corporate Structure**

Novae was incorporated under the Companies Act 2006 as a private limited company.[1] (*See* Novae's Company Register Information, attached as Exhibit A.)  According to its Annual Return, Novae is limited by shares, is registered, and has its principal place of business at 71 Fenchurch Street, London, United Kingdom.  (*See* Companies House, Annual Return for Novae Underwriting, attached as Exhibit B, p. 1.)  Novae Underwriting has four directors, all of whom reside in either the United Kingdom or Switzerland.  (Exhibit B, pp. 2-6.)  Novae has one shareholder, Novae Holdings, Ltd., which holds one share of company stock.  (Exhibit B, p. 7.)

For its part, Novae Holdings, Ltd. is also a United Kingdom private limited company, limited by shares, is registered, and with its principal place of business also located at 71 Fenchurch Street, London, United Kingdom.  (*See* Companies House, Annual Return for Novae Holdings, attached as Exhibit C, p. 1.)  According to its Annual Report, Novae Holdings, Ltd. has three directors, all of whom reside in the United Kingdom.  (Exhibit C, pp. 3-5.)

**B.      Legal Analysis**

The United Kingdom does not have entities that are legally termed corporations or limited liability companies.  COMPANIES ACT, §1173 (defining a corporation as an entity incorporated outside of the UK).  (*See* relevant sections of the Companies Act 2006, attached as Exhibit D.)  To determine whether a private limited company functions as a corporation or a limited liability company for purposes of determining diversity jurisdiction, federal courts therefore compare the company's attributes to those of a corporation or limited liability company. *See White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684 (7th Cir.

---

[1]      There have been several name changes since the entity's incorporation on April 10, 1995.

2

2011) (analyzing an Uruguayan entity's "attributes of corporate-ness" outlined by the Seventh

Circuit in *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580 (7th Cir. 2003)).

In *Lear*, the Court of Appeals for the Seventh Circuit considered whether a limited

company under Bermuda's Companies Act 1981 functioned as a corporation. After conducting

its own independent analysis, the Seventh Circuit found that it did, reasoning:

> This statute shows that a business organization 'limited by shares' under Bermuda
> law is equivalent in all legally material respects to a corporation under state law.
> It is an entity with perpetual existence, governed by a Board of Directors, able to
> issue tradable shares (which Johnson Electric has done; they trade on the Hong
> Kong Stock Exchange), and treated as independent of its equity investors--who
> are neither taxable on its profits nor liable for its debts. Johnson Electric, rather
> than the investors, therefore is a 'citizen' for purposes of U.S. law, and complete
> diversity exists.

*Lear Corp.* 353 F.3d at 583. Relying on *Lear,* the Seventh Circuit in *White Pearl Inversiones*

*S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684 (7th Cir. 2011), analyzed the "attributes of

corporate-ness" of a Uruguayan sociedad anonima (S.A.), and held that it should be treated as a

corporation. The Court found that "[the S.A.] is a legal person with perpetual existence,

governed indirectly by an elected board or administrator rather than by investors; it can issue

tradeable shares, and investors are liable only for agreed capital contributions." *White Pearl,* 647

F.3d at 687.

Similarly, the court in *Salton, Inc. v. Philips Domestic Appliances & Pers. Care B.V.*, No.

03 C 5660, 2004 U.S. Dist. LEXIS 23 (N.D. Ill. Jan. 5, 2004) (Lefkow, J.) conducted an analysis

of the "corporate-ness" of a Hong Kong company, relying on the following factors to find that

the company should be treated as a corporation for diversity jurisdiction purposes:

> E&E attached its Certificate of Incorporation under Hong Kong law, and further
> noted that it (1) issues shares; (2) is governed by directors; (3) has perpetual
> duration; (4) contracts in its own name; (5) owns property in its own name; and

(6) files its own tax returns and pays its own taxes. These facts convince the court that E&E is to be treated similar to a corporation under state law.

*Id.* at 2004 U.S. Dist. LEXIS 23, at *17.

Based upon the above, Novae's "attributes of corporate-ness" are akin to a corporation. To be sure, Novae is (1) a legal entity with the capacity to issue shares (Companies Act 2006, at §§1-4, 16, 39), (2) governed by directors (§§40, 170-180), (3) able to contract and own property in its own name (§§39, 43), and (4) treated as independent of its shareholders, whose liability is limited to the amount of their shares (§3). (*See* Companies Act 2006, attached as Exhibit D.) All of these attributes are similar to the corporate structure of a U.S. corporation.

Moreover, courts have found diversity jurisdiction over private limited companies based on their principal place of business and place of incorporation. *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1084 (11th Cir. 2010) (underwriter of Lloyds syndicate that was a private limited company properly plead citizenship by stating principal place of business and place of incorporation); *Hot-Hed, Inc. v. Safe House Habitats, Ltd.*, 2006 U.S. Dist. LEXIS 75686 (S.D. Tex. Oct. 18, 2006) (finding it undisputed that Texas Corporation was diverse from private limited company); *Novae Underwriting, Ltd. v. Cunningham Lindsey Claims Mgmt., Inc.*, 2008 U.S. Dist. LEXIS 26500 (N.D. Ill. Apr. 1, 2008) (finding diversity jurisdiction between a UK private limited company and U.S. corporation); *Advanced Portfolio Techs. Inc. v. Advanced Portfolio Techs. Ltd.*, 1997 U.S. Dist. LEXIS 10251 (S.D.N.Y. July 16, 1997) (diversity established by principal place of business and place of incorporation).

Therefore, because Novae displays the "attributes of corporate-ness" and has a corporate structure similar to that of a U.S. corporation, Novae should be treated as a corporation under state law for purposes of determining diversity jurisdiction. As both Novae's state of

incorporation and principal place of business is London, United Kingdom, diversity jurisdiction has been properly invoked.

Dated: August 22, 2013        **Diane M. Hendricks and American Patriot Insurance Agency, Inc.**

By:    /s/ Mitchell J. Edlund             
             One of their Attorneys

Steven D. Pearson (No. 6190506)
Mitchell J. Edlund (No. 6229190)
MECKLER BULGER TILSON MARICK & PEARSON LLP
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 474-7900 - Telephone
(312) 474-7898 – Facsimile
M:\15099\pleading\mem001me.doc