UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE M. HENDRICKS and AMERICAN PATRIOT INSURANCE AGENCY, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: 1:13-cv-5422 |
| v. | ) ) | HON. SARA L. ELLIS |
| NOVAE UNDERWRITING, LTD., | ) ) | |
| Defendant. | ) ) | |

### INITIAL STATUS REPORT FOR REASSIGNED CASE

Plaintiffs Diane M. Hendricks ("Hendricks") and American Patriot Insurance Agency ("American Patriot") and Defendant Novae Corporate Underwriting, Ltd. ("Novae")[1] hereby submit this Initial Status Report for Reassigned Case pursuant to the Court's October 25, 2013 Minute Entry (Doc. No. 18).

1. **Nature of the Case**

    A. The attorneys of record for Plaintiffs Hendricks and American Patriot are Steven Dale Pearson and Mitchell J. Edlund.

    The attorneys of record for Defendant Novae are Peter F. Lovato III, John E. Black Jr., and W. Joel Vander Vliet.

---

[1] The correct name of the entity now responsible for the risk at issue in this action is Novae Corporate Underwriting, Ltd. As noted in Section 2.D. of this Initial Status Report for Reassigned Case, the parties intend to file a Joint Motion to Amend Case Caption, Pleadings and Appearances soon to reflect the proper name of the Defendant, Novae Corporate Underwriting, Ltd., as opposed to Novae Underwriting, Ltd.

B. The basis for federal jurisdiction over this matter is diversity jurisdiction pursuant to 28 U.S.C. § 1332. In an Order dated August 1, 2013, the Court ordered Plaintiffs to file a supplemental memorandum regarding jurisdiction. (Doc. No. 6) Plaintiffs filed their supplemental memorandum on August 22, 2013. (Doc. No. 7.) The Court subsequently issued an order on September 10, 2013, stating that "Plaintiffs have established sufficient diversity jurisdiction." (Doc. No. 8.)

C. The claims alleged in Plaintiffs' complaint are declaratory judgment and breach of contract. Plaintiffs allege that they sued Cunningham Lindsey Claims Management, Inc. ("Cunningham Lindsey") in Texas state court (the "Texas Litigation"). Plaintiffs further allege that, prior to trial in the Texas Litigation, they settled with Cunningham Lindsey and, as part of the settlement, Cunningham Lindsey assigned to Plaintiffs its right to indemnity under an insurance policy issued, in part, by Novae in London (the "London Policy"). Plaintiffs allege that a stipulated judgment in the amount of $5.12 million was entered in the Texas Litigation in favor of Plaintiffs and against Cunningham Lindsey. In this case, under the assignment of rights they received from Cunningham Lindsey, Plaintiffs seek to recover from Novae, one of the Underwriters under the London Policy, contending that the loss is covered under the London Policy.

Novae filed a four-count counterclaim against Plaintiffs, based on similar factual allegations, requesting a declaratory judgment that Plaintiffs are not entitled to anything under the London Policy for the following reasons: (1) Plaintiffs have no legal interests in or rights under the London Policy; (2) the Texas Litigation does not fall within the London Policy's insuring clause because it was first made (within the meaning of the London Policy) after the London Policy expired; (3) the London Policy's Exclusion III.F. bars coverage, in whole or in

part, for the Texas Litigation; and (4) Cunningham Lindsey breached its obligations under Clause VII. of the London Policy.

      D.      The Plaintiffs seek: a declaratory judgment that the stipulated judgment they obtained against Cunningham Lindsey is covered under the London Policy; a declaratory judgment that Novae is obligated to indemnify Plaintiffs for the stipulated judgment to the extent of Novae's several share of Underwriters' obligations under and pursuant to the terms and conditions of the London Policy; judgment in favor of Plaintiffs finding that Novae breached its contractual obligations owed to Cunningham Lindsey; judgment in the amount of Novae's several share of Underwriters' obligations under and pursuant to the terms and conditions of the London Policy; and costs, interest, and any other relief deemed just and proper. Plaintiffs' claims are limited to recovery under the terms and conditions of the London Policy, together with interest and costs. Plaintiffs do not seek extra-contractual relief.

      E.      Novae, the only Defendant in this case, has filed an appearance through counsel.

**2.**      **Pending Motions and Case Plan**

      A.      There are no pending motions at this time.

      B.      No discovery has yet been taken in this case.

      In a Minute Entry issued October 7, 2013 (Doc. No. 14), the Court entered the following discovery schedule:

      1.      Rule 26(a)(1) disclosures by 11/1/13.

      2.      Written discovery shall be issued by 12/6/13.

      3.      Plaintiffs shall join parties, amend pleadings and file supplemental pleadings by 1/17/14 and defendants by 1/31/14.

      4.      Fact discovery shall be completed by 8/29/14.

5. Any dispositive motions, with supporting memoranda, shall be filed by 9/30/14.

C. No substantive rulings have yet been issued in this case.

D. The parties anticipate filing a Joint Motion to Amend Case Caption, Pleadings and Appearances soon to reflect the proper name of the Defendant, Novae Corporate Underwriting, Ltd., as opposed to Novae Underwriting, Ltd.

It is too early to anticipate what other motions the parties may file.

E. 1. Plaintiffs have not requested a jury trial.

2. At this time, the parties estimate the probable length of trial to be four (4) days.

3. The parties anticipate that this case will be ready for trial in early 2015.

4. A final pretrial order has not been filed, and there is not a deadline for filing a final pretrial order at this time.

**3. <u>Referrals and Settlement</u>**

A. This case has not been referred to the Magistrate Judge for discovery supervision and/or a settlement conference.

B. Plaintiffs and Defendant discussed settlement several years ago, but no recent settlement discussions have occurred.

C. The parties do not request a settlement conference before this Court or the Magistrate Judge.

D. The parties do not consent unanimously to proceed before a Magistrate Judge for all purposes, including entry of final judgment.

Dated: November 4, 2013								Respectfully submitted,


/s/ W. Joel Vander Vliet
Peter F. Lovato, III
John E. Black Jr.
W. Joel Vander Vliet
BOUNDAS, SKARZYNSKI,
  WALSH & BLACK, LLC
200 East Randolph Drive
Suite 7200
Chicago, IL 60601
Tel: (312) 946-4200
Fax: (312) 946-4272

*Attorneys for Defendant,
Novae Corporate Underwriting, Ltd.*


/s/ Mitchell J. Edlund (with permission)
Steven Dale Pearson
Mitchell J. Edlund
MECKLER BULGER TILSON
  MARICK & PEARSON LLP
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
Tel: (312) 474-7900
Fax: (312) 474-7898

*Attorneys for Plaintiffs, Diane M. Hendricks and
American Patriot Insurance Agency, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 4th day of November, 2013, this document was filed through the Electronic Case Filing System of the United States District Court for the Northern District of Illinois and will be served electronically upon all counsel of record in this action.

                                      /s/ W. Joel Vander Vliet
                                      W. Joel Vander Vliet