IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANE M. HENDRICKS, as Assignee of CUNNINGHAM LINDSEY CLAIMS MANAGEMENT, INC., a Delaware Corporation, and successor in interest to LINDSEY MORDEN CLAIMS MANAGEMENT, INC. and AMERICAN PATRIOT INSURANCE AGENCY, INC., a Wisconsin corporation, also as Assignee of CUNNINGHAM LINDSEY CLAIMS MANAGEMENT, INC., a Delaware Corporation, and successor in interest to LINDSEY MORDEN CLAIMS MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NOVAE CORPORATE UNDERWRITING, LTD., <br><br> Defendant | Case No.: 13-cv-05422 <br><br> Judge Sara L. Ellis |
| NOVAE CORPORATE UNDERWRITING, LTD., <br><br> Counter-Plaintiff, <br><br> v. <br><br> DIANE M. HENDRICKS, and AMERICAN PATRIOT INSURANCE AGENCY, INC., a Wisconsin corporation, <br><br> Counter-Defendants | |

**JOINT MOTION TO EXTEND SCHEDULING ORDER**

Plaintiffs, Diane M. Hendricks and American Patriot Insurance Agency, Inc.

(collectively, "Hendricks"), and Defendant, Novae Corporate Underwriting, Ltd. ("Novae"),

hereby respectfully request that the Court extend the current deadlines, in particular the August 29, 2014 fact discovery deadline and the September 30, 2014 dispositive motion deadline, for the reasons set forth below. As explained more fully in this motion, after significant discussions in person, the parties have come to an agreement that this case could be more efficiently resolved by narrowing their current litigation efforts by focusing first on obtaining a resolution of the validity and enforceability of the underlying settlement, assignment, and stipulated judgment at issue in this insurance coverage dispute as a matter of law. In support of this motion, the parties state as follows:

1. The current schedule, which consists of the August 29, 2014 fact discovery deadline and the September 30, 2014 dispositive motion deadline, was established by agreement of the parties and was memorialized by the Court's October 7, 2013 Scheduling Order ("Scheduling Order"), entered by the Honorable Amy J. St. Eve. The parties request this extension for two reasons: (1) despite diligent efforts by Hendricks and Novae, the parties will not be able to complete document discovery or deposition discovery by the current August 29, 2014 deadline; and (2) the parties believe that this matter can likely be disposed of—either through dismissal or settlement—with the Court's guidance on the dispositive issue of the validity and enforceability of the underlying settlement and assignment agreement and stipulated judgment, as explained more fully below.

2. This case is an insurance coverage dispute under a liability policy (the "Policy") issued by certain Underwriters at Lloyd's of London, including Novae, under which Cunningham Lindsey Claims Management, Inc. ("Cunningham Lindsey") is an Assured.

3. In the underlying litigation filed by Hendricks, and related entities, against Cunningham Lindsey, the parties reached a settlement agreement in which Cunningham Lindsey

agreed to assign its purported rights to payment under the Policy to the Hendricks parties. Prior to trial, pursuant to that settlement agreement, a stipulated judgment was entered in favor of Hendricks and against Cunningham Lindsey in the amount of $5,120,000. Hendricks filed this lawsuit on July 30, 2013, seeking a declaration that the underlying matter is covered and that Hendricks, as Cunningham Lindsey's assignee, is entitled to payment under the Policy for the settlement.

4. Pursuant to the Scheduling Order, the parties exchanged their Rule 26(a) initial disclosures on November 1, 2013. The parties subsequently exchanged interrogatories and requests for production of documents on December 13, 2013, and the parties exchanged responses and a substantial amount of documents on March 31, 2014. During this time, the parties have engaged in several discussions, both internally and with each other, regarding the possibility of settlement.

5. It appears that the primary obstacle to productive settlement discussions is the parties' fundamental disagreement regarding a central issue presented: the validity and enforceability, as a matter of law, of the assignment and the stipulated judgment entered in the underlying litigation, a legal issue which requires no additional factual development. The parties believe that resolution of this legal issue is likely to lead to resolution of this litigation in a much more efficient and cost-effective manner than completing the rather extensive (and expensive) fact discovery that would otherwise be required to address all the other issues presented in the case, and thereafter brief comprehensive dispositive motions, or try the case to judgment, or both.

6. A ruling from the Court on the legal issue of the validity and enforceability of the assignment and stipulated judgment is likely to resolve or lead to the resolution of this litigation

because the Court could rule: (1) that the assignment or the stipulated judgment, or both, is invalid or unenforceable as a matter of law, in which case this action must be dismissed; or (2) that the assignment and the stipulated judgment may be valid and enforceable as a matter of law under certain factual circumstances, in which case the parties agree that settlement negotiations are far more likely to succeed in resolving the case because the principal impediment to settlement will have been removed.

7. Accordingly, the parties seek to first brief the issue of the validity of the underlying assignment and enforceability of the underlying judgment as a matter of law in a dispositive motion or cross motions before this Court prior to incurring the additional and extensive costs of comprehensive discovery. The parties anticipate that a dispositive motion or cross-motions can be filed within 45 days of the August 5, 2014 status hearing, or by September 19 2014, and that the motions can be fully briefed and ready for argument or decision by November 4, 2014.

8. The parties have not previously sought any extension of the Scheduling Order or the deadlines contained therein. No trial date has been set, and extending the discovery deadlines as requested in this motion will not unreasonably delay this litigation. To the contrary, the requested extension will allow the parties to brief and argue an issue that may dispose of this litigation more quickly and efficiently.

**WHEREFORE,** the parties respectfully request that the Court enter an order extending the discovery schedule until the later of February 20, 2015 or ninety days after the Court's decision on the dispositive motion(s) described below, whichever is later, and setting forth a briefing schedule as follows:

A. Dispositive motions on the issue of the validity and enforceability of the underlying assignment and underlying judgment due on or before September 19, 2014.

B. Opposition brief(s) due on or before October 17, 2014.

C. Reply brief(s) due on or before October 31, 2014.

D. Close of fact discovery extended from August 29, 2014 to February 20, 2015, or ninety days after the Court's decision on such dispositive motion(s), whichever is later.

E. Dispositive motion deadline extended from September 30, 2014 to March 20, 2015, or 120 days after the Court's decision on such dispositive motion(s), whichever is later.

Dated: August 4, 2014                                Respectfully submitted,

                                               /s/ Mitchell J. Edlund (with permission)
Steven D. Pearson
Mitchell J. Edlund
MECKLER BULGER TILSON MARICK &
   PEARSON LLP
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
Tel: (312) 474-7900
Fax: (312) 474-7898

*Attorneys for Plaintiffs, Diane M. Hendricks and American Patriot Insurance Agency, Inc.*


/s/ W. Joel Vander Vliet
Peter F. Lovato, III
John E. Black Jr.
W. Joel Vander Vliet
BOUNDAS, SKARZYNSKI,
   WALSH & BLACK, LLC
200 East Randolph Drive, Suite 7200
Chicago, IL 60601
Tel: (312) 946-4200
Fax: (312) 946-4272

Attorneys for Defendant,
Novae Corporate Underwriting, Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of August, 2014, I caused this document to be served electronically via email upon all counsel of record in this action.

/s/ W. Joel Vander Vliet
W. Joel Vander Vliet
