UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANE M. HENDRICKS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 13 C 5422 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| NOVAE CORPORATE UNDERWRITING, ) | |
| LTD., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiffs Diane M. Hendricks and Hendricks Holding Company, Inc. (collectively, "Hendricks")[1] brought suit against Defendant Novae Corporate Underwriting, Ltd.'s ("Novae") insured, Cunningham Lindsey Claims Management, Inc. ("Cunningham Lindsey"), in Texas state court. Hendricks and Cunningham Lindsey settled the underlying action by entering into a consent judgment against Cunningham Lindsey and having Cunningham Lindsey assign its rights under the insurance policy with Novae to Hendricks. Hendricks then filed the instant suit against Novae in this Court seeking a declaration that Novae breached its duty to indemnify Cunningham Lindsey and for breach of contract. The Court determined that the consent judgment was not binding on Novae and that Novae had no indemnity obligations for that judgment, and so entered judgment for Novae on Hendricks' declaratory judgment claim. Doc. 51. But the Court provided Hendricks with an opportunity to amend its breach of contract claim to specify any relief it allegedly is entitled to that is not dependent on the consent judgment. *Id.*

---

[1] Plaintiff Hendricks Holding Company, Inc. was substituted for American Patriot Insurance Agency, Inc. ("American Patriot"). American Patriot filed for bankruptcy in 2010, with a Chapter 7 Trustee thereafter appointed for the bankruptcy estate. The Court will refer to Hendricks Holding Company and American Patriot interchangeably and will collectively refer to the Plaintiffs as "Hendricks."

at 14–15; Doc. 54. Novae has moved to dismiss Hendricks' amended complaint, which alleges that Novae breached its insurance policy with Cunningham Lindsey by failing to make payments in connection with the amount representing the reasonable settlement value of Hendricks' claims against Cunningham Lindsey. Because the Court finds that Hendricks has not alleged that Novae breached any obligation under the insurance policy, the Court dismisses the breach of contract claim.

**BACKGROUND**[2]

Novae and certain other underwriters at Lloyd's, London issued an insurance policy identified as Policy No. 823/FD0000493 (the "Policy") to Fairfax Financial Holdings, Cunningham Lindsey's parent company. As a subsidiary of Fairfax Financial Holdings, Cunningham Lindsey is an "Assured" under the Policy. The Policy provides that Novae will cover "Loss," subject to a $1,000,000 retention. Doc. 57-1 at 66, 88. "Loss" is defined broadly as "damages, judgements [sic] and Costs, Charges and Expenses incurred by any of the Assureds under the respective Coverage Section under which coverage is being provided." *Id.* at 69. "Costs, Charges and Expenses" is defined as "reasonable and necessary legal fees incurred by the Assureds in the defense or investigation of any Claim." *Id.* at 68.

In 2002, Hendricks filed an action against Cunningham Lindsey and others in the Northern District of Illinois. The parties litigated the proper venue for the action, and the case was ultimately dismissed and refiled against Cunningham Lindsey in Texas state court in December 2004. In the Texas case (the "underlying action"), Hendricks alleged that it entered

---

[2] The facts in the background section are taken from Hendricks' amended complaint and the exhibits attached thereto and are presumed true for the purpose of resolving Novae's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). Although these facts are similar to those contained in the background section of the Court's April 21, 2015 Opinion and Order, Doc. 51 at 2–4, they are repeated here because of the different standards under which the motions are analyzed.

into agreements with a group of insurers to provide insurance products to roofing contractors (the "Roofers' Program"). Cunningham Lindsey was to provide the claims handling services for the Roofers' Program. Although Cunningham Lindsey was required to set aside appropriate reserves for claims, Hendricks alleged that the reserves Cunningham Lindsey established were unreasonably low and led to unwarranted or underpriced renewal of policies, and other mismanagement. Hendricks claimed substantial losses and sought to recover over $5,120,000 from Cunningham Lindsey.

Novae learned of the litigation in August 2005 when performing a claims review on an unrelated claim against Cunningham Lindsey. Cunningham Lindsey provided Novae with formal written notice of the litigation on October 5, 2006. In September 2007, Cunningham Lindsey informed Novae that it was planning a mediation conference with Hendricks and that, based on Hendricks' demand, a settlement could put Cunningham Lindsey over the Policy's $1,000,000 retention. Novae declined coverage on September 18, 2007. Novae also filed a declaratory judgment action against Cunningham Lindsey and Hendricks in this district, seeking a declaration that it did not have indemnity obligations to Cunningham Lindsey in the underlying litigation. That action was dismissed without prejudice for lack of ripeness because the Policy's retention had not been exhausted by way of settlement or judgment. *See Novae Underwriting, Ltd. v. Cunningham Lindsey Claims Mgmt., Inc.*, No. 07 C 5278, 2008 WL 4542988 (N.D. Ill. Apr. 1, 2008).

On or about April 23, 2012, Hendricks and Cunningham Lindsey settled the underlying action. The settlement agreement provides for entry of a consent judgment in favor of Hendricks and against Cunningham Lindsey for $5,120,000. That consent judgment was entered by the Texas state court on May 10, 2012. Per the settlement agreement, part of that judgment was

3

satisfied with the remaining funds available from Cunningham Lindsey's insurance policy issued by American International Specialty Lines Insurance Company. That payment exhausted the Policy's $1,000,000 retention. The remainder of the judgment was to be satisfied by Cunningham Lindsey's assignment to Hendricks of all its rights to payment under the Policy, made in exchange for Hendricks' agreement not to execute on the judgment against Cunningham Lindsey. Any claims Hendricks had against Cunningham Lindsey merged into the consent judgment.

In connection with the settlement, Hendricks and/or Cunningham Lindsey have demanded payment from Novae, but Novae has rejected the demand. Hendricks then filed suit against Novae in this Court on July 20, 2013.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

In its amended complaint, Hendricks asserts that "Novae has breached its contract with Cunningham by, among other things, failing to make payments to Cunningham under the policy in connection with that amount which represents the reasonable settlement value of American Patriot's and Hendricks' claims against Cunningham in the underlying American Patriot Action." Doc. 57 ¶ 48. Novae argues that Hendricks cannot recover on this claim as a matter of law based on the Court's earlier finding that the judgment is not binding on Novae and therefore the indemnity obligation under the Policy cannot be triggered. *See* Doc. 51 at 14 & n.8 ("[W]ithout a binding judgment, Novae's indemnity obligation cannot be triggered."). Hendricks responds that the judgment is immaterial because Novae anticipatorily breached the Policy when it denied coverage to Cunningham Lindsey in 2007, years before the consent judgment was entered. Additionally, in its response to Novae's motion to dismiss, Hendricks contends that the breach arises from Novae's failure to pay damages and defense costs, which do not depend on the consent judgment. The parties raise other arguments as well, but the Court need not address them because whether Novae breached an obligation under the Policy is dispositive.

**I.      Choice of Law**

Before addressing the substantive arguments, however, the Court must engage in a choice of law analysis. Novae contends that the Court should apply Ontario law, while Hendricks advocates for the application of Texas law. As it did in determining the validity of Cunningham Lindsey's assignment of its claim under the Policy to Hendricks, the Court applies Illinois' choice of law rules to determine the applicable substantive law. *Hinc v. Lime-O-Sol Co.*, 382 F.3d 716, 719 (7th Cir. 2004). Although the parties agree that the basic elements of a breach of contract claim are materially the same under Illinois, Ontario, and Texas law, they highlight the

5

jurisdictions' different statute of limitations. Additionally, because Hendricks purports to rely on an anticipatory breach theory, for which Ontario's law differs from that of Texas and Illinois, the Court finds it necessary to engage in a choice of law analysis. *Cf. Bridgeview Health Care Ctr., Ltd. v. State Farm Fire & Cas. Co.*, 10 N.E.3d 902, 909, 2014 IL 116389, 381 Ill. Dec. 493 (2014) ("[A] choice-of-law determination is required only when the moving party has established an actual conflict between state laws.").

If an insurance policy does not include a choice of law provision, as here, then the Court considers the following factors in determining which jurisdiction's law applies: "(1) the location of the subject matter; (2) the place of delivery of the insurance policy; (3) the domicile of the insured or of the insurer; (4) the place of the last act to give rise to a valid insurance policy; and (5) the place of performance, or other place bearing a rational relationship to the general insurance policy." *G.M. Sign, Inc. v. Pennswood Partners, Inc.*, 40 N.E.3d 169, 180, 2015 IL App (2d) 121276-B, 396 Ill. Dec. 516 (2015) (citing *Lapham-Hickey Steel Corp. v. Protection Mut. Ins. Co.*, 655 N.E.2d 842, 845, 166 Ill. 2d 520, 211 Ill. Dec. 459 (1995)). Here, the first factor is neutral because the Policy covers claims made against Cunningham Lindsey's parent anywhere in the world. Doc. 57-1 at 73. The Policy was delivered in Ontario, Doc. 57 ¶ 29, and Cunningham Lindsey's parent, to whom the Policy was issued, was domiciled in Ontario, Doc. 57-1 at 66. Novae is domiciled in England, Doc. 57 ¶ 5, but neither side argues that English law should apply. The second and third factors thus favor Ontario. The fourth factor considers where the Policy was delivered and the premiums were paid. *G.M. Sign*, 40 N.E.3d at 181. The amended complaint alleges that the Policy was delivered in Ontario, Doc. 57 ¶ 29, but does not include any allegations of where the premiums were paid, so this factor also favors Ontario. The fifth factor similarly favors Ontario, as there is no place for performance specified, leaving the

Court to look to the place where the insured is located. *Emerson Elec. Co. v. Aetna Cas. & Sur. Co.*, 743 N.E.2d 629, 641, 319 Ill. App. 3d 218, 252 Ill. Dec. 761 (2001). With all factors either neutral or in favor of Ontario law, and no factors supporting the application of Texas law, the Court will apply Ontario law to the breach of contract claim.

Hendricks does not provide any meaningful argument as to why Texas law should apply aside from contending that the Court should carry over its determination that Texas law applies to the validity of the assignment agreement between Cunningham Lindsey and Hendricks to the distinct breach of contract issue now before it. Hendricks maintains that the Court should not engage in depecage—"the process of cutting up a case into individual issues, each subject to a separate choice-of-law analysis," *Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, 901, 227 Ill. 2d 147, 316 Ill. Dec. 505 (2007)—and that Novae is estopped from arguing that any law but that of Texas applies here. But contrary to Hendricks' cited sources, Illinois has endorsed depecage, *see Curtis v. Transcor Am., LLC*, No. 10 C 4570, 2012 WL 1080116, at *4 (N.D. Ill. Mar. 29, 2012), and so applying different laws to the distinct issues here is appropriate. The parties and the Court acknowledged this fact in addressing the law to be applied to the assignment agreement, with the Court stating in its April 21, 2015 Opinion and Order that it was "not deciding what law governs the coverage decision" Doc. 51 at 7 (citing *Maremont Corp. v. Cheshire*, 681 N.E.2d 548, 551–52, 288 Ill. App. 3d 721, 224 Ill. Dec. 233 (1997) (settlement agreement between insured and plaintiff in underlying litigation did not control choice of law question in coverage action)); *see also* Doc. 38 at 9 (Hendricks brief); Doc. 44 at 6–7 (Novae brief). Consequently, judicial estoppel does not apply here and the Court will apply Ontario law to Hendricks' breach of contract claim.

## II.     Existence of a Breach

Although not clear from the amended complaint, Hendricks contends that it is alleging that Novae anticipatorily breached its contract with Cunningham Lindsey by denying coverage for the underlying action in September 2007.  According to Hendricks, this anticipatory breach excused Cunningham Lindsey from its obligations under the Policy and prevents Novae from relying on the Policy to contend that its performance under the Policy was not required at any time.  Assuming that Novae's declination of coverage constituted an anticipatory breach, under Ontario law, this did not relieve Cunningham Lindsey of its obligations under the Policy.  Once Novae issued its denial of coverage in September 2007, Cunningham Lindsey treated the Policy as if it was in full force and effect, meaning that Cunningham Lindsey's obligations under it were not discharged or excused, as Hendricks argues.  *See Brown v. Belleville (City)*, 2013 ONCA 148, ¶¶ 42–44 (Can. Ont. C.A.).  Cunningham Linsdsey never communicated that it wished to be discharged from the Policy—an election that "must be clearly and unequivocally communicated to the repudiating party within a reasonable time," *id.* ¶ 45—instead continuing to treat the Policy as if it was in effect, even assigning its rights under the Policy to Hendricks in April 2012, about four and a half years after the alleged anticipatory breach.  Under these circumstances, Hendricks cannot pursue a claim for anticipatory breach of contract.  *See id.* ¶¶ 45–48 (discussing the means by which repudiation of a contract may be communicated). Instead, Hendricks' claim must be considered under ordinary breach of contract principles, with Hendricks required to establish that Cunningham Lindsey met all conditions precedent and obligations of its own under the Policy.

To state a claim for breach of an insurance contract, Hendricks must establish (1) the existence of a valid, enforceable contract, (2) performance by Cunningham Lindsey, (3) breach

8

by Novae, and (4) resulting injury. *Timbers Estate v. Bank of Nova Scotia*, 2011 ONSC 3639, ¶ 20 (Can. Ont. Sup. Ct. J.). In the amended complaint, Hendricks alleges that Novae breached the Policy by failing to make payments to Cunningham Lindsey in connection with an amount representing a reasonable settlement value of the underlying action. But Hendricks has not adequately alleged, nor can it establish, that Novae had any obligations under the Policy that it breached.

The only obligation Novae had to Cunningham Lindsey was to pay "Loss" resulting from a claim. *See* Doc. 57-1 at 88. "Loss" has three components: (1) damages, (2) judgments, and (3) costs, charges, and expenses (i.e. legal fees and expenses). *Id.* at 68–69. The Court has already concluded that the judgment entered in the underlying litigation is not binding on Novae and thus cannot constitute "Loss." Doc. 51 at 14. By implication, Cunningham Lindsey cannot have incurred any damages in the underlying action or for the claim Hendricks asserted against it, for the settlement agreement between Hendricks and Cunningham Lindsey included a merger clause that all claims that Hendricks had or could have against Cunningham Lindsey were merged into and included in the judgment. Doc. 57-2 § 2.12. Even though the judgment is not binding on Novae, the settlement agreement's merger clause, which still binds Hendricks, precludes Hendricks from claiming that Cunningham Lindsey incurred other unspecified damages with respect to the same action for which Novae is liable under the Policy. *See* Doc. 51 at 14 n.8.

Finally, in its response, Hendricks suggests that it has adequately pleaded that Novae has not paid defense costs as required by the Policy. But, despite the Court's admonition in its prior Opinion and Order that Hendricks specify the relief it is entitled to under its breach of contract claim, Doc. 51 at 14–15, the amended complaint includes no mention of costs incurred by Cunningham Lindsey in defending the underlying action. By omitting such allegations,

9

Hendricks has failed to place Novae on notice of this alleged basis for its claim, and its attempt to amend the complaint by way of its response brief is insufficient to cure the defect. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) ("[A] plaintiff may not amend his complaint in his response brief."). Further, even if Hendricks had alleged that Novae had not paid Cunningham Lindsey's defense costs, it is questionable whether any defense costs could qualify as a "Loss" under the Policy. As acknowledged by Hendricks, the Policy has a $1 million retention. The retention was only satisfied by way of the judgment in the underlying action, when the remainder of funds available under Cunningham Lindsey's other insurance policy were paid to Hendricks. Doc. 57 ¶¶ 31, 44; Doc. 57-2 §§ 2.4, 2.10. The Court fails to see what additional defense costs Cunningham Lindsey incurred once the retention was reached (i.e. once the settlement and consent judgment were entered) that Hendricks could pursue in its role as Cunningham Lindsey's assignee. Because Novae's obligations could only be triggered at the time the consent judgment was entered and at that point no "Loss" was possible, Hendricks' breach of contract claim is dismissed.

## CONCLUSION

For the foregoing reasons, Novae's motion to dismiss [59] is granted. Because this is Hendricks' second attempt to plead a viable breach of contract claim and the Court finds that further amendment would be futile, the dismissal is with prejudice. The parties should be prepared to discuss the status of Novae's counterclaims at the next status hearing.

Dated: February 1, 2016

SARA L. ELLIS
United States District Judge